UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DANA M. MILLER, #455056,

    Plaintiff,

v.                                                             Case No. 21-11496
                                                                   Case No. 21-11891

STATE OF MICHIGAN DEPARTMENT
OF TREASURY,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL [CASE NO. 21-11496, ECF NO 2] AND MOTION TO CORRECT MISTAKE [CASE NO. 21-11496, ECF NO 5], GRANTING DEFENDANT'S MOTION TO REMAND [CASE NO. 21-11496, ECF NO. 7], AND DISMISSING CASE NO. 21-11496 AND CASE NO. 21-11891**

Plaintiff Dana M. Miller is a prisoner in the custody of the Michigan Department of Corrections (MDOC). Defendant Treasurer of the State of Michigan filed a complaint in the Wayne County Circuit Court against Miller pursuant to the State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws § 800.401, *et seq.*, seeking reimbursement for his cost of care while in the state's custody. (Case No. 21-11496, Compl., ECF No. 1, PageID.4-5.) On June 14, 2021, Miller filed a motion for removal of the state's case to federal court, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1441, *et seq.* (ECF No. 1.)

Also before the court, on the same docket, are Plaintiff Miller's motions for appointment of counsel (ECF No. 2) and to correct a mistake (ECF No. 5); and Defendant's motion to remand the case to the Wayne County Circuit Court, based on

1

lack of jurisdiction. (ECF No. 7.) Finally, a second action related to this matter was docketed in error by the Clerk of the Court when Miller sent a letter to the court reiterating his request for removal. (*See* Case No. 21-11891.)

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants, to the district court of the United States . . . where such action is pending." 28 U.S.C. § 1441.[1] If it appears at any time after removal but before final judgment that the federal district court "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A defendant in state court "may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Goluban v. Riverview Cmty. Sch. Dist.*, 678 F. Supp. 688, 689 (E.D. Mich. 1988) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 103 S. Ct. 2841, 2846 (1983)).

Defendant Treasurer (the plaintiff in the state court action) argues that removal is improper because the original complaint is based solely on state law, the SCFRA, and thus this court is without jurisdiction as required by section 1441. Plaintiff Miller does not argue that his claim "arises under federal law." Miller's sole reference to federal law is his assertion that "the state is seeking . . . the stimulus money that was guaranteed to me by the federal government." (Compl., ECF No. 1, PageID.1.)

If, as Miller appears to argue, the State of Michigan is somehow precluded from recovering the federal stimulus payment as reimbursement, he could raise this defense

---

[1] Plaintiff Miller also cites for authority Federal Rule of Civil Procedure 11, but that provision does not govern removal to federal court.

2

in the state court action. However, "[p]otential defenses, including a federal statute's preemptive effect, do not provide a basis for removal." *Medlen v. Est. of Meyers*, 273 F. App'x 464, 466 (6th Cir. 2008) (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd.*, 463 U.S. 1, 10, 12).

Accordingly, the court IT IS ORDERED that Defendant's motion to remand (Case No. 21-11496, ECF No. 7) is GRANTED and the case is REMANDED to the Wayne County Circuit Court.

IT IS FURTHER ORDERED that Plaintiff's motions for appointment of counsel (ECF No. 2) and to correct a mistake (ECF No. 5), filed in Case No. 21-11496, are DENIED as moot.

IT IS ALSO ORDERED that Case No. 21-11891 is DISMISSED as improvidently docketed. *See United States v. Norton*, No. 21-5210, 2021 WL 2285041, at *1 (6th Cir. Mar. 9, 2021).

Finally, the Clerk of the Court is DIRECTED to revoke any order which may have been entered authorizing withdrawal of Plaintiff's funds from his MDOC institutional account, and to refund any monies Plaintiff may have paid associated with the case numbers listed in the caption.

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 7, 2021, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\CLELAND\CLELAND\CHD\1915\21-11496.MILLER.REMAND.JURSIDICTION.DOCX